ROBERT C. COOK ET AL. v. LEWIS GROSSARTH.

By the District Court acts an appeal is given on matter of law only. By "An act concerning appeals from District Courts in this state," approved March 24th, 1892 (*Gen. Stat.*, p. 1264), an appeal is given, "both as to matter of law and fact," in cases where the debt, demand or matter in dispute, exclusive of cost, is not less than $25, and all inconsistent laws are repealed. *Held*, that the right to appeal, on matter of law only, in cases involving less than $25, still subsists.

On *certiorari* to District Court.

A District Court in Jersey City, having jurisdiction of a cause, both as to subject-matter and parties, rendered judgment, after trial, in favor of a plaintiff whose demand was less than $25. The defendants, desiring to review a refusal to nonsuit, brought the present writ.

Argued at February Term, 1898, before Justices DIXON and COLLINS.

For the plaintiffs, *Raymond P. Wortendyke.*

For the defendant, *Max Salinger.*

The opinion of the court was delivered by

COLLINS, J. Under the District Court acts (Newark, *Pamph. L.* 1873, *p.* 696, and general, *Gen. Stat., p.* 1216), the determination of facts is conclusive, but an appeal is given on matter of law only to the Courts of Common Pleas. The judgments of the Pleas are reviewable in this court, but where there is jurisdiction in the District Court and an appeal to the Common Pleas a direct *certiorari* to the District Court is not permitted.

Statutes of this character are constitutional. *Traphagen* v. *West Hoboken,* 10 *Vroom* 232, 236.

Like restriction on the writ is upheld as to Courts for the Trial of Small Causes. *Ritter* v. *Kunkle,* 10 *Vroom* 259; *Wahrman* v. *Horan,* 17 *Id.* 465; *White* v. *Neptune City,* 27 *Id.* 222.

As the law stood, therefore, until March 24th, 1892, no *certiorari* would have been allowed upon the case above stated. The present writ rests on the assumption that a statute then approved took away the right of appeal in cases involving less than $25, thus subjecting the judgment to this court's prerogative review. Such statute reads as follows:

"An act concerning appeals from district courts in this state.

" 1. *Be it enacted by the Senate and General Assembly of the State of New Jersey,* That from any judgment obtained in any

district court established by law in any city of this state, whether by general or special statute, where the debt, demand or matter in dispute, exclusive of costs, be for a sum not less than twenty-five dollars, except judgment given by confession, either party may appeal, both as to matter of law and fact, to the court of common pleas of the county to be holden next after the rendering of such judgment; which appeal the judge of said district court is hereby directed to grant in the same manner as appeals are now had and taken in the court for the trial of small causes; provided always, that no appeal shall be granted to remove any judgment entered against the party demanding the appeal, for any amount beyond the costs of suit, where such judgment shall have been rendered on the verdict of a jury, or on the report of referees, unless the party shall, at the time of taking the same, file an affidavit made by the party, or in his absence by his agent, stating that the said appeal is not intended for the purpose of delay, and that the affiant verily believes that the appellant hath a just and legal ground of appeal upon the merits of the case; which affidavit shall be sent up to the court to which the appeal is taken, with the other papers in the cause.

" 2. *And be it enacted,* That the causes thus appealed to the said courts of common pleas shall be tried *de novo* in said courts, and that the taxed costs in said courts of common pleas upon said appeals shall be the same as those now allowed by law in the trial of appeals from the courts for the trial of small causes in said courts, except that there shall be allowed as the attorney's fee, to the prevailing party, to be taxed therein, the sum of five dollars, in all causes where the judgment appealed from does not exceed one hundred dollars, and ten dollars in causes where the judgment appealed from exceeds the sum of one hundred dollars.

" 3. *And be it enacted,* That all appeals under this act shall be taken within five days from the rendering of the judgment, and that they shall be put on the list for trial at the first term of the court of common pleas to which the same shall be appealed; provided, however, that if said appeal is taken

within the five days prior to the beginning of such term, in that case the said appeal shall be put on the list for trial at the next term thereafter.

"4. *And be it enacted,* That all acts and parts of acts inconsistent with this act be and the same are hereby repealed, and this act shall take effect immediately."

Of course it is not inconsistent with terms of this act that the right to an appeal, on matter of law only, in cases involving less than $25, should still subsist; but if the legislative purpose was to embrace the whole subject of appeals from District Courts, the new statute did, nevertheless, supersede all previous legislation on the subject. *Roche* v. *Jersey City,* 11 *Vroom* 257.

We, however, can find no such purpose. Undoubtedly the whole subject of appeals in cases involving $25 and upwards is covered by it, but cases involving a less sum are not dealt with at all. Evidence inheres in the act itself that some cases were meant to be excluded. After the grant of the right to appeal, both as to matter of law and fact in the specified class of cases, it is provided that causes " thus appealed " shall be tried *de novo* and that the costs in " said appeals " shall be as stated, and that all appeals " under this act " shall be taken within a time named, which is a shorter time than that fixed by the District Court act. A review, in some mode, of legal error could not be denied in any case, and it is not to be supposed that the legislature meant to cut off the simple, cheap and expeditious review by appeal to the local county court afforded by the original acts, although in petty cases it was thought wise to leave parties bound by the determination of facts in the District Court.

Our conclusion is that appeals from District Courts in cases where the debt, demand or matter in dispute is less than $25, are left undisturbed by the act of 1892.

We are therefore precluded from considering the questions presented in this case, and the *certiorari* is dismissed, with costs.